Thank you, Judge. Bruce Spencer representing Dr. William Weber in this appeal regarding back pay. I'd like to reserve three minutes for rebuttal. Stop. Just stop shortly using up your 10. Yes. I see it here. I was thinking it was going to be at 7. So I'll stop. This case is as a result of the first attempt to discharge Dr. Weber. The VA had a summary review board, which is a board that reviews a physician's practice and can issue findings that result in termination. They did so. We appealed that and alleged that the VA didn't follow its own rules and regulations. The district court ruled that the VA did not follow its own rules and regulations and vacated the decision of the summary review board and remanded it back to the agency. They then rehired Dr. Weber. In the meantime, Dr. Weber was out of work from September of 1999 until June of 2001 when he was rehired. The exact date, I'm sorry, escaped my brain, of course. He was out of work. He was losing, didn't get paid during the period of time when he wasn't rehired. And so he has filed a back pay, a claim for back pay. And the judge dismissed on the basis of Fausto. And Fausto does not apply in this case. Dr. Weber was not under the Civil Service Reform Act statutes that Fausto was talking about. Fausto does not preclude judicial review or an award of back pay. So what's the jurisdictional basis for your claim, for his claim? The jurisdictional basis is the Administrative Procedures Act and the Back Pay Act. You can't get money under an APA claim. I believe that the Ward case says that you can bring an APA claim along with a Back Pay Act claim and that you do have a jurisdictional basis for doing so in court. The APA claim gives you jurisdiction and sovereign immunity is waived by the Back Pay Act. And so you can get that monetary claim in that action, which is exactly what we're doing here. And the VA is relying on Fausto, as I've looked at the case law, they always do, in saying that it's a blanket protection. You can never, a Federal employee can never go to court under the APA and get any sort of review and any sort of money because of Fausto. And the case simply isn't that broad. It just isn't. The Fausto case holds that Fausto does not hold that the Civil Service Reform Act provides the only means of review. And there is another means of review in this case. Specifically, there's a statutory authority that says that if a physician is discharged because of clinical concerns, he is entitled to review in the district court, 38 U.S.C. 7462. Well, all the district court did here was say that when it sent it back to the board, it said that they didn't follow the proper procedures. That's all he did. That's true. But that not following the proper procedure took away Dr. Weber's pay for that period of time he was out of work. And so he's entitled to that pay under the Back Pay Act. And that's why he's asked for that money. And the government has come in and said he doesn't get it because of Fausto. That's just not true. They've also said that there isn't an appropriate authority that's determined he was subjected to an unwarranted personnel action. So I read the district court's opinion. It was pretty clear the district court didn't think that it was an appropriate authority within the meaning of the Back Pay Act. But I think you're arguing that. So why don't you elaborate your argument so we understand it. Certainly. Absolutely the district court is an appropriate authority under the APA to make a determination and under the Back Pay Act to make a determination. Why wouldn't the district court, it goes all the way back to Marbury v. Madison, be an appropriate arena? There is no statutory scheme that says that Dr. Weber can't have review in district court. In fact, the statute specifically says he can't. Unlike the Civil Service Reform Act where you have to go to the Merit Systems Protection Board, that process, and then, by the way, to the Federal Circuit for an ultimate review, that's not the case here. So the only avenue to go to is to the district court. That's how the system is set up. How much, just so I understand the practicality of it, how much monetarily is involved from the time he lost his pay because of the board and the date he was reinstated? I have to be honest, Judge, I have not sat down and penciled it out because we haven't gotten to the damages portion of it. I think Dr. Weber has told me that he feels it's around in the million, somewhere around there. I don't know if that figure is accurate at all. It includes the pay, interest, consequential damages, attorney's fees. There's all kinds of things that go into a back pay award. So the amount would have to be determined at the district court level, no question about that. I can't ask this panel. There's nothing on the record about it, don't worry. But the district court has an appropriate authority under the Back Pay Act to say, agency, you didn't follow your rules. He suffered an adverse employment action. Therefore, he's entitled to back pay. The district court didn't say he had suffered an adverse employment action. It can under the Back Pay Act. It didn't here. That's one of the reasons we're appealing. We believe, and I've cited cases that say if you don't follow the rules and you're fired, that's an adverse employment action. The court here said I don't have jurisdiction because of Fausto and I'm not going to address it. And I don't believe I'm an appropriate authority. We have cited cases that say, yes, the court is an appropriate authority under the Back Pay Act to make these determinations. And that failure to follow agency rules and regulations is a problem. And Dr. Weber suffered as a result. He was discharged. He was out of work. He didn't have income coming in. That is an adverse employment action under the Back Pay Act. And so he's entitled to that. If that wasn't the case here, if they could fire him, the court says you did it wrong, you didn't follow your actions, that's reversed. They did rehire him. But you're not entitled to any money for being wrongfully discharged. And there's no review. Nothing. He can't go to the Merit Systems Protection Board. He can't review it internally. He was a probationary employee, right? He was. He was a probationary employee. But they have a procedure, a summary review board, for discharging probationary employees. They failed to give him the due process rights under that procedure. And that's why the court reversed, which is correct. If there's no avenue of review to the district court, then he's out in limbo. The agency can do whatever they want to whenever they want to with no review. That is not how it's set up. Does this case hinge on the ruling in the previous case? I mean, if that discharge is valid and he can't make any claim for retaliation or for discrimination and has been properly discharged, is there any claim for back pay left? I wouldn't think so. But that's not the ruling. The ruling was that it was invalid, and that's why he's making the back pay. Yeah, but then all they did is they sent that back for review because he hadn't followed the proper procedures. And subsequently, the procedures were followed, and he was discharged. And so if that is proper, there is no loss of pay here. Yes, there is, because he was out of work from September of 1999 until he was finally rehired in June. And then discharged in 2001. And then discharged again, although we're contending, again, they did not follow the proper regulations. We mentioned that in our briefing. I'll reserve. Okay, Mr. Dara, I think you're on point now. Thank you, Your Honor. Just for the record, George Dara, Assistant United States Attorney for the District of Montana. In this case, I think it's important to look at the complaint on a jurisdictional basis that is in the first place. And the only thing alleged in the complaint as a jurisdictional basis is the Back Pay Act and 28 U.S.C. Section 1331. We feel that neither of these statutes create the waiver of sovereign immunity for the court to address the issue of back pay and specifically to award money damages. It's what plaintiff is attempting to obtain in this case. Just for the record, when Mr. Spencer was talking about him being rehired, I want to make it clear that once Judge Haddon made the decision in the previous case to reverse and remand it back for further findings consistent with regulations, the VA was placed in a position of not really knowing what to do with Dr. Weber. They could only convene a summary review board for an active employee, for he was placed on an administrative status. He was never placed back on staff with full clinical privileges, remained in administrative status, while they convened the second summary review board, which, in fact, reached the same conclusion, that is a recommendation that he not be hired on a full-time basis. And that is the basis of the summary review board in the first place. They addressed the issue of a probationary employee prior to completing his two-year probationary period, whether or not there's reasons to believe that he should not be converted to a full-time status. The recommendation is made to the deciding official in both instances, the first summary review board, and in the second one, the recommendation was made that he not be hired on a full-time basis, and that recommendation was followed. We think it is significant that this case does involve a claim for money damages. As Judge Paez noted, there is no relief in the form of money damages under the Administrative Procedures Act. Again, the Administrative Procedures Act was not cited as a jurisdictional basis for bringing this action. The first time it arises in the record is in Mr. Spencer's response to our motion to dismiss, and it supported his motion for summary judgment. We would argue that there is no review under the Administrative Procedures Act for that reason. One, that there is a specific statute precluding review, and secondly, that there is no relief in the form of money damages under the Administrative Procedures Act. Returning to the Back Pay Act, the limited waiver of sovereign immunity under that act is that there has been a finding by an appropriate authority that an employee has been subject to an unjustified or unwarranted personnel action. We argue that the district court is not an appropriate authority, and secondly, that there has been no finding that Dr. Weber was subject to an unjustified or unwarranted personnel action. I would refer you to Judge Haddon's order. Yeah, Mr. Darrow, this is Judge Gould. So here's my question for you. Yes, Your Honor. Why shouldn't we view the district court as an appropriate authority to make a decision that a termination was procedurally flawed? Your Honor, the limitations in the Back Pay Act are very similar to the Civil Service Reform Act. We concede that Dr. Weber was hired under a specific statutory scheme enacted by Congress, but it's very, very similar to the Civil Service Reform Act as to the limitations that are available. And as a non-veteran preference eligible member of the except service, there is no availability for review under either of the statutes. And we refer to FOSTO that was very specific in talking about the limitations of review, and we feel that is pertinent and relevant case law because of the limitations between the two statutes. In FOSTO, they basically said that the only entity subject to do that review was the agency itself, the Merit System Protection Board, or the Federal Circuit, and that the court of claims did not have jurisdiction to do the review. We think that analogy is also applicable here. Mr. Derrick, can I ask you a question? This is Judge Paez. If he were to prevail in his discrimination case and retaliation case, he would be entitled to back pay there, wouldn't he? Or would he? I'm sorry, I believe he would be. And how far back would it go? Well, if he prevails in the discrimination case, I assume it goes back to the date of his original removal, which would be September 13th of 1999. You do have that break where he was reinstated on June 3rd of 2004 until the decision was made as a result of the second summer review board, which was, I think, 11 months after the remand. So if the decision ‑‑ I understand there's another lawsuit that's pending over the most recent decision by the board. Is that right? That's correct. Now, in his discrimination case, is it possible that he could also get reinstatement, or would that conflict with the board's determination if it's upheld or dismissed or whatever, that he's not suitable for permanent employment? Well, that's an interesting question. I think that obviously the decision has been made that he's not suitable for employment. The question becomes whether or not that decision was based on a discriminatory factor for which he could get compensation. But I don't believe that override and say that the VA has to hire somebody placed in a position where there's been a decision made that he should not be employed. All right. So he might be entitled to damages but not reinstatement. Right. So let me just ask you another question. I want to make sure I understand. This whole process for hiring physicians at the VA is governed by a whole separate statutory scheme. Is that correct? That's correct, Your Honor. And your point is that's very analogous to when you add that to the Back Pay Act or when you put in the Back Pay Act, that's all very analogous to the Civil Service Act? Right. There are limitations under the system that's been enacted for physicians. I think the only ones that are entitled to review are those that are removed, questioning their clinical judgment and patient's care. And I believe that's at 38 U.S.C. Section 7462F. There's a specific limitation that that's the only instance where and it has to be a full-time nonprobationary employee who challenges a major adverse action based on professional competence or conduct. Again, we get back to the position of Dr. Webb who was a probationary employee and argued that he is not entitled to review because Congress made the decision, has made an express decision not to include that. And as a probationary employee, he shouldn't have any more rights, if it's not found in the statute, than the general civil servants do under the Civil Service Reform Act. Okay. If we don't have anything else, unless any of the court has any further questions. I don't think we do, Mr. Daris, so thank you very much. Thank you, Your Honor. Okay, Mr. Spencer, you've got about a minute and a half for your rebuttal. Thank you, Judge. I think Ward v. Brown directly addresses the jurisdictional question here. It's been addressed for the court. It's a good decision and it solves the problem with the interrelation between the APA and the Back Pay Act. And I think that it governs that. In terms of the court being an appropriate authority, Romero v. U.S., that I've cited in my brief, states that a district court is an appropriate authority to make these decisions under the Back Pay Act. How could it not? There simply isn't any way to not do that. Fausto is not as broad as the VA wants it to be. There are many instances where courts have said after Fausto that you're entitled to judicial review, including this court, about a VA physician who had similar rights that Dr. Weber had at the Berry case, similar rights that Dr. Weber had at the administrative stage, and this court said if they didn't do that right, then you can have judicial review and go to the district court. That's the case here. It is entirely proper to bring up the Back Pay Act request for the loss of pay for September 13 of 1999 through June 3 of 2004 to the district court. There's nothing improper about it. It should be addressed on the merits, and Dr. Weber should be entitled to the back pay and to be entitled to present that evidence to the court. Thank you. Thank you, Mr. Spencer. Weber v. Department of Veterans Affairs shall be submitted, and we'll turn to the next case to be argued. I have a question. I have Cornhusker graduate student versus Brooke Samples. And for appellant, we have Mr. Streetmanner, and for appellee, Ms. Heck.
judges: Gould, Paez, Strom